**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

GUY RICHMOND                                    :

     Plaintiff                                   :

v                                               :        Civil Action No. WMN-06-627

MD. DEPT OF CORRECTION, *et al.*                :

     Defendants                                  :
                           o0o

<u>**MEMORANDUM**</u>

Pending in the above-captioned civil rights case is Defendants' Response to Order to Show Cause which has been construed as a Motion for Summary Judgment.  Papers No. 12 and 13.  In response to the motion, Plaintiff has filed a Motion for Discovery or Judgment.  Paper No. 16.  Plaintiff's motion will be construed as a response in opposition to the motion for summary judgment.  Upon review of the papers filed, the court finds a hearing in this matter unnecessary.  Local Rule 105.6 (D. Md. 2004).  For the reasons that follow, the motion for summary judgment will be granted.

Background

Plaintiff alleges that on March 3, 2006, while he was eating in the prison chow hall, he began to feel ill. He describes the sensation as feeling like his blood was boiling.  Paper No. 1 at p. 4.  Plaintiff states that he informed a correctional officer that he was very sick and was told to go to the medical unit.  *Id*.  Plaintiff claims that he left the chow hall to walk to medical and lost consciousness.  *Id*.  According to Plaintiff, correctional officers had to pick him up and take him to the medical unit.  *Id*. at p. 5.

Plaintiff states that when he eats he feels as though his blood is boiling and his symptoms only cease when he lays down to rest.  He claims that no one has diagnosed his problem but he is

told that something serious is wrong with him.

In addition, Plaintiff claims that he has several chronic illnesses, including Hepatitis C, sarcoidosis, and diabetes.  He further claims that he contracted pneumonia when he was placed on lock-up and he filed a lawsuit[1] in this court regarding the conditions on lock-up, but his complaint was dismissed.  Paper No. 1 at pp. 7– 8.  He states that because his complaint was dismissed his health continued to deteriorate and his diabetes worsened.  *Id*.  In fact, Plaintiff asserts that he is a diabetic now because of this court's ruling.

Plaintiff further states that he has Hepatitis C.   He raised this claim in a previously-filed complaint, stating that his condition was not properly treated.  *Id*. at p. 8.  He claims that Defendants in the previous action lied, saying they would monitor his Hepatitis C then failing to do so. *Id*. at 9.  He states that his condition will become incurable absent proper treatment.  *Id*. Plaintiff also claims that upon his return from the hospital for his pneumonia, he was placed in a cell with another inmate who bit his arm.  *Id*. at p. 10.  Although he admits that he was taken to medical after the assault, he claims that he should have been provided with an AIDS prevention shot.  *Id*.  He states that he was provided with an AIDS test, but medical personnel refused to tell Plaintiff whether his assailant was HIV positive and he was not provided with a follow-up test. *Id*. at p. 11.  He claims that he should have been placed in a single cell upon his return from the hospital because he was sick.  *Id*.  With respect to his sarcoidosis, Plaintiff claims that he was given medication for the condition while he had pneumonia.  *Id*.  He alleges that this was improper and that he cannot take the medication anymore, resulting in his inability to breathe. *Id*. at p. 12.

---

[1] *See* Civil Action No. WMN-05-1267 (D. Md. 2005).

Finally, Plaintiff claims that this court's dismissal of his previously-filed complaints regarding his medical care demonstrates this court's bias. *Id*. at p. 13.  He alleges that the court is partially responsible for the deterioration of his health.[2]  *Id*.

Injunctive Relief

Plaintiff seeks an Order from this court requiring medical care and ordering Defendants to engage in discovery.  Paper No. 1.  The legal standard to apply in considering an application for injunctive relief is set forth in *Blackwelder Furniture Co. v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir. 1977), which holds that injunctive relief may only be granted if the movant can demonstrate: (i) the likelihood he will be irreparably harmed if the preliminary injunction is denied; (ii) the likelihood that defendant/respondent will not be harmed if the requested relief is granted; (iii) the likelihood that the movant will succeed on the merits; and (iv) that the public interest will be served if the injunction is granted.  *See  Blackwelder*, 550 F.2d at 195-96; *see also Ciena Corp. v. Jarrard*, 203 F.3d 312, 322-23 (4th Cir. 2000).

The initial factor to be examined in the aforementioned analysis is the "likelihood of irreparable harm to the plaintiff."  Indeed, the failure to make a clear showing of irreparable harm is, by itself, a ground upon which to deny a preliminary injunction. *See Direx Israel, Ltd. v. Breakthrough Medical Corporation*, 952 F.2d 802, 812 (4th Cir. 1992.)   In addition, the required irreparable harm must be "neither remote nor speculative, but actual and imminent." *Tucker Anthony Realty Corp v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989); *see also Dan River, Inc. v. Icahn*, 701 F.2d 278, 284 (4th Cir. 1983).  Because it is clear from the records

------

[2] To the extent that Plaintiff is requesting recusal of the undersigned from this case, he has not alleged a proper basis for recusal.  The mere fact that the undersigned has ruled against Plaintiff in previous proceedings is not a basis for recusal.  *See* 28 U.S.C. § 144.

3

submitted that Plaintiff is currently receiving medical care and has been provided with a copy of his entire medical record indicating the names of medical staff in charge of providing his care, Plaintiff has not established entitlement to injunctive relief.

Standard of Review

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for

summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear
> the burden of proof at trial on a dispositive issue, a summary
> judgment motion may properly be made in reliance solely on the
> "pleadings, depositions, answers to interrogatories, and admissions
> on file." Such a motion, whether or not accompanied by affidavits,
> will be "made and supported as provided in this rule," and Rule
> 56(e) therefore requires the nonmoving party to go beyond the
> pleadings and by her own affidavits, or by the "depositions,
> answers to interrogatories, and admissions on file," designate
> "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact

issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v.*

*North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir.

1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a

verdict for that party. If the evidence is merely colorable, or is not significantly probative,

summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue

of  its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173

(1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized

by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th

Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth

Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the

defendants or their failure to act amounted to deliberate indifference to a serious medical need.

*See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical

need requires proof that objectively the prisoner plaintiff was suffering from a serious medical need and that subjectively the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The medical condition at issue must be serious.  *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).   Proof of an objectively serious medical condition, however, does not end the inquiry.

       The subjective component requires "subjective recklessness" in the face of the serious medical condition.  *Farmer*, 511 U.S. at 839– 40.  "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."  *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997).   "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995), *quoting Farmer* 511 U.S. at 844.   If the requisite subjective knowledge is established, an official may avoid liability  "if [he] responded reasonably to the risk, even if the harm was not ultimately averted." *Farmer*, 511 U.S. at 844.  Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time.  *See Brown v. Harris*,  240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken). "[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference."  *Johnson v. Quinones* 145 F. 3d 164, 166 (4th

Cir. 1998).  Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present.  *Id.* at 169 (actions inconsistent with an effort to hide a serious medical condition refute presence of doctor's subjective knowledge).

Plaintiff has several serious, chronic health conditions.  Upon review of the medical records submitted by Defendant, however, it appears those conditions are being addressed on a regular basis in applicable chronic care units. *See* Paper No. 12 at Ex. 1.  Plaintiff suffers from hypertension, asthma, diabetes, sarcoidosis, and Hepatitis c.  *Id.*  The verified records indicate that Plaintiff is overweight and is non-compliant with medications provided for the care of his chronic conditions. *Id.* at pp. 3, 7 and 11.  In addition, it is clear that Plaintiff is seen regularly by medical staff, who note that Plaintiff's conditions are stable.  *Id.*  On April 20, 2006, Plaintiff reported to medical staff that he passed out while in his cell.  *Id.* at p. 9.  Upon discovering that Plaintiff had taken his blood pressure medication and his diabetes medication at the same time, he was advised to take the medications at least one hour apart.  *Id.*  Plaintiff is seen in the hypertension, asthma, and diabetes clinics where those conditions are monitored with exams and tests.  *Id.* at pp. 11– 21.  There is no evidence presented that Plaintiff's conditions are being ignored or left untreated.  Indeed, Plaintiff admits in his Complaint that he receives medical care but does not agree with the course of treatment provided.  To the extent that Plaintiff is dissatisfied with the treatment choices made by medical professionals, his claim does not state a violation of the Eighth Amendment.

In Plaintiff's Response in Opposition he raises a new claim concerning the denial of treatment for an enlarged prostate.  Paper No. 16.  The claim is not properly before the court and

will be dismissed without prejudice.

Conclusion

Having found no basis for Plaintiff's claim that prison staff have displayed deliberate indifference to his serious medical needs, the court finds that Defendant is entitled to summary judgment.  In addition, Plaintiff has not established that he is entitled to the injunctive relief sought and his motion for injunctive relief will be denied.  A separate Order follows.


/s/

November 22, 2006                             _____
Date                                          William M. Nickerson
                                              Senior United States District Judge